No: 21-2875

Dylan Brandt, by and through his mother Joanna Brandt, et al.

Appellees

v.

Leslie Rutledge, in her official capacity as the Arkansas Attorney General, et al.

Appellants

------------------------------

Keira Bell, et al.

Amici on Behalf of Appellant(s)

Lambda Legal Defense and Education Fund, et al.

Amici on Behalf of Appellee(s)

_____

Appeal from U.S. District Court for the Eastern District of Arkansas - Central
(4:21-cv-00450-JM)
_____

## ORDER

The petition for rehearing en banc is denied. The petition for panel rehearing is also denied.

Judge Stras would grant the petition for rehearing en banc. Judges Gruender, Erickson, Grasz and Kobes join, dissenting from the denial.

Judge Shepherd did not participate in the decision or consideration of this matter.

COLLOTON, Circuit Judge, with whom SMITH, Chief Judge, and BENTON, Circuit Judge, join, concurring in the denial of rehearing en banc.

Whatever the merits of the panel opinion, this case is not appropriate for rehearing en banc in its current procedural posture. The present appeal concerns a preliminary injunction entered in July 2021 as to which there has been no request for a stay by the State in fifteen months. The case is now in the midst of a trial in the district court that is scheduled to conclude in less than a month, on December 1, 2022. The present interlocutory appeal will be moot when the district court enters a final judgment after the trial, either because judgment for the State will dissolve the preliminary injunction or because the preliminary injunction will merge into a final judgment for the plaintiffs. *See Shaffer v. Carter*, 252 U.S. 27, 44 (1920). An appeal from the final judgment will present this court with a comprehensive record developed after more than ten months of discovery and a full trial, as opposed to the preliminary record that is before the court in the present appeal. For these reasons, I concur in the denial of the petition for rehearing.

STRAS, Circuit Judge, with whom GRUENDER, ERICKSON, GRASZ and KOBES, Circuit Judges, join, dissenting from the denial of rehearing en banc.

In my judgment, this is a case of "exceptional importance." Fed. R. App. P. 35(a)(2); *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 730 (8th Cir. 2008) (en banc) (granting en banc review of a preliminary injunction in an abortion case). The panel opinion checks two boxes in that regard: it draws a major piece of Arkansas legislation into doubt and recognizes what amounts to a new suspect class.[1]

---

[1] The panel may have drawn inspiration from *Bostock v. Clayton County*, 140 S. Ct. 1731, 1747 (2020). The Fourteenth Amendment, however, predates Title VII by nearly a century, so there is reason to be skeptical that its protections reach so far. *See id.* at 1739–41 (interpreting Title VII by looking at what the words meant in 1964); *see also Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2245–46 (2022) (stating that "[t]he regulation of a medical procedure that only one sex can undergo does not trigger heightened constitutional scrutiny"). Indeed, their text is not similar in any way. *Compare* 42 U.S.C. § 2000e–2(a)(1), *with* U.S. Const. amend. XIV, § 1.

It is true, as my colleagues recognize, that this case is not the perfect vehicle for answering these "momentous" questions. *Hively v. Ivy Tech Cmty. Coll.*, 853 F.3d 339, 359 (7th Cir. 2017) (en banc) (Sykes, J., dissenting). There is a trial ongoing, which means there is a chance that it will become moot before the appeal is over. Even so, I think it is worth the risk. The panel opinion will frame the debate in the future, if not effectively decide any later appeal. And even if this case never comes back, we may be dealing with its far-reaching consequences for years to come.

For these reasons, I respectfully dissent from the decision to deny rehearing en banc.

November 16, 2022

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____
　　　/s/ Michael E. Gans